# CIRCUIT COURT OF ROANOKE COUNTY

Belinda Wray Webb

v.

Murray E. Joiner, Jr., et al.

Case No. CL03-312

BY JUDGE ROBERT P. DOHERTY, JR.

June 30, 2006

Plaintiff patient sued Defendant physician for medical malpractice, alleging among other things that he had over prescribed steroids that caused painful and rapid deterioration of her right hip joint. The same day that the physician received and sent the suit papers to his insurance carrier he faxed them a hand written memo detailing the steps he took to see that the patient was properly advised of the inherent risks and side effects of the steroid treatment. That handwritten memo was subsequently sent to plaintiff's counsel as part of the patient's medical records and was used by plaintiff to cross-examine physician concerning contrary testimony he gave during a discovery deposition. Physician now claims that the handwritten memo was delivered during discovery by mistake, is covered by the attorney/client privilege, and was prepared during or in anticipation of litigation. He argues that, because it is privileged information, it should be immediately returned to defendant's counsel and not used by plaintiff in any manner during the course of this litigation. Plaintiff contends that no privilege exists.

Assuming without deciding that the mistakenly delivered document in question is covered by the attorney/client privilege, the Court also notes that it is a writing prepared in anticipation of litigation or for trial as contemplated by Rule 4:1(b)(3) of the Rules of the Supreme Court of Virginia and is covered by the work product doctrine. See *Commonwealth v. Edwards*, 235 Va. 499, 510 (1988). A confidential communication made by a client to his attorney

under any of these protections is privileged from disclosure provided it is not made in perpetration of a fraud. "The rule of privilege is defensive, not offensive. If the communication between attorney and client relates to unlawful or fraudulent accomplishment, higher public policy, and the duty of an attorney to society as a whole, abrogates the privilege." *Seventh District Committee v. Gunter*, 212 Va. 278, 287 (1971). The same result applies if the unintentionally divulged document only appears to be proof of an attempt by one of the parties to hide the actual truth of a matter. The continuing trust that the public has in the courts is so important that to detract from that confidence by allowing the appearance of an impropriety to pervade any case tends to erode public confidence and is to be avoided.

In this case, defendant physician's testimony at his deposition concerning matters surrounding the alleged malpractice was different from the actions he described in the handwritten memo to his insurance carrier. The obvious conclusion is that the defendant physician either made, or appeared to have made, a material misrepresentation of fact with intent to mislead. The making, or just the appearance of making, an intentional misrepresentation with intent to mislead, during or in contemplation of litigation, is not protected by the rules regarding privileged communications or the work product doctrine.

Defendant's Motion in Limine and his Motion to Return Privileged Documents are denied.

July 17, 2006

Upon consideration of Defendant's Memorandum and Motion to Reconsider the June 30, 2006, letter opinion in this case, the Court declines to change its decision. The import of that opinion was that the need to avoid the *appearance* of impropriety is as important to the public perception of our court system, as is the need to avoid actual impropriety. To read anything else into that opinion is a mistake.